## The Calumet Grain and Elevator Co. v. Joel H. Williams.

1. GAMBLING CONTRACTS—*No Recovery upon.*—Where a contract is entered into in which money is advanced upon purchases of grain made upon the board of trade, and it is not intended or expected by either party that any of the grain shall be delivered, but when the time for delivery arrives the matters are to be settled by the payment or receipt of differences between the contract price and the actual market price of the grain at the time fixed for delivery, such is a gambling contract and no recovery can be had upon it.

2. APPELLATE COURT PRACTICE—*Costs of Additional Abstracts.*—An appellee, who is justified in furnishing an additional abstract, will be entitled to have the costs of it taxed to the appellant.

**Assumpsit**, for money advanced. Appeal from the Circuit Court of DeWitt County; the Hon. WILLIAM G. COCHRANE, Judge, presiding.

Calumet Grain & Elevator Co. v. Williams.

Heard in this court at the May term, 1901. Affirmed. Opinion filed September .11, 1901.

WARREN B. WILSON and E. B. MITCHELL, attorneys for appellant.

E. W. DUNHAM and HERRICK & HERRICK, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit was brought by the appellant against appellee to recover for commissions and for money advanced upon purchases made by it for appellee on the board of trade in Chicago. The defense to the suit was that the contracts did not contemplate the delivery of the actual commodities, but were intended to be settled by the adjustment of differences between the contract price and the market price at the time the contract provided for delivery, and that this was known to appellant, and hence were but mere gambling transactions. A trial by jury ended in a verdict for the defendant and after overruling appellant's motion for a new trial the court gave judgment against it in bar of action, and to reverse this, it prosecutes this appeal, and it has been chiefly argued to effect such reversal that the evidence is insufficient upon which to conclude the transactions in question were illegal.

Upon the whole evidence and the facts and circumstances disclosed by it, we are of the opinion the jury were warranted in finding that at the time the contracts detailed in the evidence were entered into, it was not intended or expected by either party that any grain should be delivered, but when the time stipulated in the contracts for delivery should arrive, the matters were to be settled by the payment or receipt of the differences between the contract price and the actual market price of the commodity at the time fixed by the contract for such delivery. That appellant knew that such was the nature of all these transactions there can be no reasonable doubt, when all the evidence is considered. The verdict of the jury, therefore, in our judgment correctly exposed the facts.

There is no complaint about the instructions in the case, nor as to the admission or the rejection of the evidence, and the judgment of the Circuit Court will therefore be affirmed.

Appellee has moved this court to tax the cost of the additional abstract, furnished by him, to the appellant, on the ground of the omission in the appellant's abstract of material portions of the record. We think appellee was justified in furnishing such abstract, by reason of some important omissions in appellant's abstract, and the motion will therefore be allowed, and the clerk ordered to tax the cost of the additional abstract to the appellant. Judgment affirmed.